## FIRST NATIONAL BANK OF GREEN RIVER v. BARRETT

(No. 2096; August 22, 1939; 93 Pac. (2d) 510)

For the appellant, the cause was submitted upon the brief of *Walter Q. Phelan* of Cheyenne.

For the respondent, the cause was submitted on the brief of *T. S. Taliaferro, Jr.* and *L. H. Brown,* both of Rock Springs.

BURGESS, District Judge.

The First National Bank of Green River, Wyoming, brought suit in the District Court of Sweetwater County against James Barrett, setting up two causes of action. Barrett filed an answer and cross-petition. Upon the trial judgment was entered in favor of the Bank for the sum of $54.58, and the prayer of the cross-petition was denied. Barrett brings the case here for review. His only complaint revolves around the finding of the court against him on his cross-petition.

In his cross-petition Barrett alleges that he was the owner of certain lands in Sweetwater County; that the Bank acting through its president and attorney suggested to him that he make and deliver to it a mortgage on said lands and that as consideration therefor the Bank would advance sufficient funds to pay up the delinquent taxes upon the lands and to finance certain

litigation then pending and involving the same; that as further inducement to the making of said mortgage the Bank promised and represented that it would collect from the lessee of said lands a sufficient sum over a period of five years to pay all the taxes levied against said property and to repay the amount represented in the proposed mortgage; that the Bank represented that the giving of the mortgage was necessary in order for Barrett to recover a certain certificate of stock in the Rock Springs Grazing Association which the Bank represented to him had been forfeited to association and cancelled by it; that as a result of said promises he executed and delivered to the Bank his mortgage upon said lands; that the Bank did not fulfill or carry out its promises, agreements and representations; that they were fraudulently made; that the mortgage was foreclosed and he was deprived of his land and that he has been damaged in the sum of $7,000.

The District Court made findings of fact and conclusions of law among which was "That no false representations were made to the defendant by the plaintiff acting through its officers at the time of the execution of the mortgage and the notes secured thereby."

The errors complained of by the appellant fall into:

First—The reception and exclusion of evidence.

Second—That the judgment entered is not in conformity with the evidence or the law applicable to the case.

We find no discussion in appellant's brief of the alleged errors in the reception and exclusion of the evidence. He does not point out to us wherein the evidence received or rejected over his objection was erroneous or prejudicial to his rights or had a bearing upon the material issues in the case. He says, p. 16, of his brief, "In addition to the above proven facts the defendant offered to prove" and then follows a statement of the offered evidence, but this is a part of his discussion

of the sufficiency of the evidence to sustain the judgment and there is no discussion as to why it should have been received.

Notwithstanding, however, we shall discuss the excluded evidence referred to in the brief.

A witness had testified that the directors of the bank had fixed the amount of the mortgage loan to be made on the lands and that the amount was $4,000. Counsel for appellant then asked the witness:

Q. "And upon what value was that?" An objection to the question on the ground that it was incompetent, irrelevant and immaterial and not within the issues was sustained and then counsel for appellant said:

"We offer to prove by the witness on the stand that at the time of the execution of the mortgage, Plaintiff's Exhibit 5, the lands described in that mortgage and in the petition in this case were valued by the Plaintiff, the board of directors of the plaintiffs, at a sum in excess of $8,000.00. We further offer to prove by the witness now on the stand that the rules and regulations of the Comptroller of Currency governing national banks provides that no national bank shall loan more than fifty per cent of the value of the land, make a loan on real estate in excess of fifty per cent of the value of the real estate; that at the time the mortgage was executed these lands were of a value in excess of $8,000.00, and that at the time of the alleged foreclosure and sale by the sheriff the lands were of a value in excess of $8,000.00." Objection was made to the offer and sustained.

It will be observed that the offer was much broader than the question and did not correspond with it except the first part. Says 64 C. J., p. 30, "an offer of proof must correspond with and not be broader than the question." If the part of the offer as to the value of the lands was admissible certainly the rule of the comptroller that national banks should not loan in excess of

fifty per cent of the value of the land was not admissible. Wigmore says, Vol. 1, Sec. 17, "If several facts are included in an offer some admissible and others inadmissible then the whole is inadmissible."

There was also excluded evidence that the value of the yearly rental for the use and occupancy of the lands in question in January, 1931, and again in June, 1936, was $1,250. It might have had some bearing upon the value of the land; for land which will rent for $1,250 per year must be more valuable than that which rents for $100, but in view of the issues presented by the cross-petition the value of the land is unimportant, or at least is not controlling. It was immaterial what the land rented for—whether $100 or $1,250, in view of the allegation in the cross-petition "that the plaintiff agreed, promised and represented * * * that it would collect from the lessee of said lands * * * a sufficient sum over a period of five years to pay all the taxes assessed against the property and to repay the plaintiff the amount represented in said proposed mortgage." If it so agreed then it was bound to do so regardless of the rental value of the land and what the rental value was is of no consequence.

Coming now to the specifications of error that the findings of the lower court are contrary to the evidence may we say what we have many times said before that this court is not the trier of the facts, that if the evidence is conflicting and there is any substantial evidence to support the judgment below that judgment will be affirmed. Counsel for the appellant must appreciate, too, the fact that the burden was upon him to sustain his cross-petition and that he charged fraud which must be established by clear and convincing evidence.

We see no useful purpose to be served in discussing at length the evidence in the case. It was all heard, sifted and weighed by an able and conscientious trial

judge and we can not but feel, after reviewing the record, that the findings made by him and the judgment entered in the case are correct and in accordance with law.

The judgment of the District Court will, therefore, be affirmed.

RINER, Ch. J., and KIMBALL, J., concur.